# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGEL LEE CARTAGENA,

                  Petitioner,

v.

JENNIFER MCDERMOTT,

                  Respondent.

Case No. 19-CV-986-JPS

**ORDER**

On July 11, 2019, Petitioner Angel Lee Cartagena ("Cartagena") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #1). He filed a motion for leave to proceed without prepayment of the filing fee, (Docket #3), but subsequently paid the filing fee; therefore, that motion will be denied as moot. The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

According to the petition and the state court docket, on August 13, 2015, Cartagena was adjudged guilty by a jury of his peers of one count of second-degree sexual assault in Racine County Circuit Court Case No. 15CF476. On October 22, 2015, he was sentenced to twenty years confinement and ten years of extended supervision. On December 5, 2016, after several extensions of time to file a notice of appeal or postconviction motion, Cartagena filed a postconviction motion for a new trial based on a claim of ineffective assistance of counsel. The trial court denied the motion without a hearing on February 2, 2017. On February 17, 2017, Cartagena filed a notice of appeal of his judgment of conviction and the order denying his postconviction motion for a new trial. In his appeal, he renewed his ineffective assistance of counsel claim, and argued that the circuit court abused its discretion in denying his postconviction motion without a hearing. He contended that his trial counsel should have objected to certain testimony set forth by a police officer. The Wisconsin Court of Appeals affirmed the denial of the new trial on March 21, 2018. *State v. Cartagena*, 2017AP375, 2018 WL 1419746 (Wis. Ct. App. Mar. 21, 2018). The Supreme Court denied review on July 10, 2018.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

The Wisconsin Supreme Court denied Cartagena's petition for review on July 10, 2018. Cartagena then had ninety days to seek certiorari from the Supreme Court. The habeas clock began to run the day after this period expired, on October 8, 2018. Cartagena filed his petition in this Court on July 11, 2019, within the one-year deadline prescribed by 28 U.S.C. § 2244(d)(1)(A). Accordingly, the petition is timely.

Next, the Court analyzes whether Cartagena fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Cartagena appears to have exhausted his remedies as to some of his claims. Cartagena claims the following grounds for relief: First, that "the trial court erred when it allowed out-of-court testimonial by investigator, bolstered by the prosecutor, [which] violated confrontation clause of the 6th Amendment." (Docket #1 at 6). Second, he claims that the Wisconsin Court of Appeals "fail[ed] to appropriately apply the two-prong test for ineffective assistance of counsel, [and] that trial counsel failed to

object to [victim's] statements, [which] prejudiced defendant." *Id.* at 7. Third, he seeks relief "for deficient appellant counsel's errors by not raising preserved issues of fact in the trial court caused imprudent strategy to prejudiced defendant." *Id.* at 8. In support of this ground, he explains that trial counsel failed to impeach the police investigator, or object to the hearsay testimony of two scene witnesses, and that the totality of these actions resulted in prejudice that affected the outcome of the trial. Finally, he contends that the trial court erred when it denied the post-conviction motion for a new trial without a hearing. *Id.* at 9.

Although presented in a somewhat disjointed fashion in his habeas petition, Cartagena has alleged certain grounds for relief that were considered by the state court. Specifically, the Court will allow Cartagena to proceed on the following grounds for relief: first, his ineffective assistance of counsel claim against his trial counsel for failing to properly object to or cross-examine the trial testimony of investigator David Rybarik; second, his contention that the trial court erred when it denied the post-conviction motion for a new trial without a hearing. These were the issues addressed by the Wisconsin Court of Appeals, *State v. Cartagena*, 2017AP375, 2018 WL 1419746 (Wis. Ct. App. Mar. 21, 2018), and are the issues that the Wisconsin Supreme Court declined to review. However, it does not appear that Cartagena exhausted his claim regarding his appellate counsel, or his claim against the trial court regarding the admissibility of evidence.

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted

claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278.

Accordingly, the Court must give Cartagena a choice. This choice, however, will depend on the grounds upon which Cartagena seeks relief. Either Cartagena can: (1) dismiss this petition in its entirety in order to exhaust all his claims in state court; (2) move for a stay and abeyance while he returns to state court to exhaust his unexhausted claims; or (3) elect to proceed on only the exhausted claims described above. If he dismisses the unexhausted claims, then the Court will be able to consider only his exhausted claims.

If Cartagena elects option (2) and wishes to maintain his unexhausted claims and seek a stay and abeyance, he should file a separate motion for a stay and abeyance. In that motion, Cartagena will need to show that he "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. If Cartagena elects option (3) and wishes to dismiss his unexhausted claims and proceed only on his exhausted claims, then he should: (a) file an amended petition which does not include the unexhausted claims; and

(b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. Finally, if Cartagena elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his claims in the state court, he may notify the Court of that decision by letter. The Court hereby warns Cartagena that, if he proceeds only on the exhausted claims, he may not be able to proceed on his other claim(s) in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Whichever course of action Cartagena elects to take, the Court will require him to file his amended petition, motion, or letter as described herein within **thirty (30) days** of the entry of this Order.

Accordingly,

**IT IS ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety while he exhausts his claims in state court; (2) move for a stay and abeyance of this action while he exhausts his unexhausted claims in state court; or (3) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claims; and

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Docket #3) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge