# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGEL LEE CARTAGENA,

                Petitioner,

v.

JENNIFER MCDERMOTT,

                Respondent.

Case No. 19-CV-986-JPS

**ORDER**

Petitioner filed this action on July 11, 2019, asserting numerous claims regarding alleged improprieties in his criminal convictions in Wisconsin state court. (Docket #1). The Court screened the petition and found that Petitioner had failed to exhaust his state court remedies as to certain claims. (Docket #8). The Court directed Petitioner to choose one of three options to move forward: 1) dismiss his petition and return to state court to exhaust his remedies there, 2) move for a stay of this action while he returns to state court, or 3) proceed only on the few claims which were properly exhausted. *Id.* Petitioner has elected for the second route; he filed a motion to stay this action on December 12, 2019. (Docket #9).

A stay and abeyance is appropriate when "the petitioner had good cause for his failure to exhaust all claims and. . .the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)); *Arrieta v. Battaglia*, 461 F.3d 861, 866–67 (7th Cir. 2006). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Requiring a showing of good cause before entertaining a stay is critical because staying a federal habeas petition: (1) frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Rhines*, 544 U.S. at 270. It is for this reason that the Supreme Court has emphasized that a "stay and abeyance should be available only in limited circumstances." *Id.*

The Court finds that Petitioner's circumstances warrant a stay of this action. First, he has demonstrated at least a minimal level of good cause for his failure to exhaust his state remedies. It seems that he did not know what was raised in his state court appeal, which is why some of his claims in this Court were not exhausted. *See* (Docket #9 at 1). Second, the Court cannot say that all of Petitioner's unexhausted claims are completely meritless. While the Court may be skeptical of some of the claims, it is better to leave the first evaluation of the claims to the Wisconsin state courts. Finally, the Court does not find that Petitioner engaged in intentionally dilatory tactics.

The Court will impose one limitation on the stay it grants to Petitioner. He shall be required to file a status report with the Court every ninety days, detailing the progress of his efforts to exhaust his remedies in state court. Petitioner must file these reports until the exhaustion process is completed. Once completed, he may file a motion to re-open this action, which should be accompanied by an amended petition which includes only the claims he successfully exhausted. If Petitioner fails to file a status report as directed, this action will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay and abeyance (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED** until further order of the Court;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this action; and

**IT IS FURTHER ORDERED** that Petitioner shall file a report on the status of his efforts to exhaust his state court remedies **every ninety (90) days** until that process is completed. If Petitioner fails to file any such status reports, this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge